MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 4155 |
| | ) | (06 CR 359-1) |
| DAVID GROSKY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

David Grosky ("Grosky") has filed a 28 U.S.C. §2255 ("Section 2255") motion ("Motion") challenging the 168-month sentence that this Court imposed after he had pleaded guilty to a massive fraud (the amount of loss suffered by some 5,000 investors in Efoora, Inc., of which Grosky had served as CEO, amounted to some $35 million). Because all of Grosky's challenges stem from the asserted constitutionally inadequate representation by his counsel, Motion Ground One understandably reads:

> Whether the Petitioner, in his plea agreement, waived his right to file a petition for relief from judgment pursuant to 28 U.S.C. §2255 asserting ineffective assistance of counsel.

Although Grosky has accompanied the Motion with another brief motion asking leave to file a supplemental legal memorandum in 60 days, this Court's initial consideration of that threshold issue (see Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ["Section 2255 Rules"]) renders unnecessary the submission of such a supporting

memorandum as to that first issue.[1] That conclusion calls for some explanation.

When Grosky came before this Court on August 27, 2007 to change his original not guilty plea to a plea of guilty to Counts One and Two of the indictment (with the other counts to be dismissed pursuant to the detailed Plea Agreement that Grosky and his lawyer and government counsel had executed), this Court followed its invariable practice of engaging in a lengthy inquiry of Grosky--an interrogation under oath intended to make certain (1) that the guilty plea was voluntary, (2) that Grosky was pleading guilty with a full understanding of both (a) the consequences of such a plea and (b) the alternative (and the consequences of the alternative) to pleading guilty and (3) that Grosky was proposing to plead guilty because he had in fact committed the criminal acts charged in the two counts. Among this Court's earliest questions during that interrogation and the answers by Grosky, himself a licensed attorney (though a nonpracticing one--as stated earlier, he had been Efoora's CEO during the commission of the crimes involved), were those

---

[1] Before this opinion proceeds to a discussion of that issue in substantive terms, this Court calls to Grosky's attention that he has not provided the required copies of the Motion for all interested parties. Although this Court has received the Judge's Copy that accompanied Grosky's original filing, he is ordered also to transmit copies promptly to (1) Assistant United States Attorney Jacqueline Stern and (2), as a courtesy matter, to Richard Leng, Esq., his counsel at the time of the guilty plea.

2

reproduced on the attached transcript pages.[2] Those inquiries conformed to this Court's uniform practice in taking guilty pleas. What then followed (again as always) included a meticulous inquiry into every facet of the Plea Agreement to enable this Court to make the threefold determination outlined earlier.

Grosky's question posed in Motion Ground One may perhaps reflect a concern as to the effect of his Plea Agreement ¶22(b) (it will be recalled that he confirmed having read that document and discussed it with his lawyer), which contained a sweeping waiver of all appellate rights, including a waiver of "the right to appeal his conviction and any part of the sentence, including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement." But what appears to this Court to control for present purposes is that the waiver provision was limited to direct appeals--it was totally silent as to any possible remedy under Section 2255.

In that respect, this Court consistently refuses to entertain proposed plea agreements that waive any potential

---

[2] As those pages reflect, Grosky and codefendant Melvin Dokich pleaded guilty during the same proceeding.

3

relief under Section 2255. Even leaving aside this Court's concerns as to the advance surrender of constitutional rights that may be unknown to the pleader at the time of entry into a plea agreement, such an agreement's surrender of the right to challenge the constitutional adequacy of defense counsel's representation is particularly problematic. In that respect, see the current issue of United States Law Week (78 U.S.L.W. 2007 (July 7, 2009)), which reports the prevalent view among state ethics committees that a criminal defense lawyer may not negotiate (or execute) a plea agreement that contains a waiver of any claim of constitutionally inadequate assistance by that lawyer.

Accordingly this Court grants Grosky's contemporaneous motion for leave to file a supporting memorandum as to all issues except Ground One on or before September 14, 2009, and it orders the United States Attorney's Office to file a response to all aspects of the Motion on or before the same date. Both sides are advised that Grosky's acknowledgment as to his view of his counsel's representation as of the time of his guilty plea, as quoted earlier in this opinion, will be given appropriate consideration in this Court's ruling on the Motion.

Milton I. Shadur
Senior United States District Judge

Date: July 14, 2009

1 it's a mild tranquilizer. So you know it kind of knocks you
2 out certain points of the day, but other making decisions, I
3 am fine.
4     THE COURT: Does either counsel have any doubt as to
5 his client's competence to plead at this time?
6     MR. LENG: No, your Honor.
7     MR. RUECKERT: No.
8     THE COURT: Anything that's come to the government's
9 attention that raises any question as to either of these
10 defendants in that regard?
11     MS. STERN: No, Judge. I have had an opportunity to
12 speak to both of them at length, particularly during the facts
13 of this matter, and both of them appear to be very competent.
14     THE COURT: I will then find that each of these
15 defendants is competent to plead at this time if he so
16 chooses.
17     Has each of you received a copy of the very long
18 indictment in this case, and had a full opportunity to, and
19 given yourself that full opportunity to, discuss the charges
20 in the case in general with your respective lawyers?
21     DEFENDANT GROSKY: I have, your Honor.
22     DEFENDANT DOKICH: I have also.
23     THE COURT: And is each of you satisfied with the
24 kind of representation, the kind of advice and counseling you
25 are getting from your respective counsel?

14

1              DEFENDANT GROSKY:  Yes, your Honor.
2              DEFENDANT DOKICH:  Yes, your Honor.
3              THE COURT:  And in the case of Mr. Grosky alone, is
4    your willingness to plead guilty the the result of discussions
5    that you or your lawyer have had -- and I gather from what Ms.
6    Stern said, both of you have had -- with counsel for the
7    government that has resulted in this plea agreement that was
8    delivered to me the other day?
9              DEFENDANT GROSKY:  Yes, your Honor.
10             THE COURT:  Did you have an opportunity to read over
11   and discuss the plea agreement with your lawyer before you
12   signed it?
13             DEFENDANT GROSKY:  Yes, your Honor.
14             THE COURT:  To your knowledge are there any kind of
15   side agreements or deals, understandings, formal, informal,
16   written, unwritten that are not contained -- between you and
17   your lawyer on the one hand and the government on the other --
18   that are not contained in this plea agreement?
19             DEFENDANT GROSKY:  There are no such agreements,
20   your Honor.
21             THE COURT:  Counsel, is that your understanding as
22   well?
23             MR. LENG:  That's correct, your Honor.
24             THE COURT:  Ms. Stern?
25             MS. STERN:  Yes, Judge.

1       THE COURT: Has anybody -- and this would include
2 people outside of the government -- has anybody made any kind
3 of different promise to you, anything other than what's
4 contained in the plea agreement, any assurance other than in
5 the plea agreement in order to persuade you or try to persuade
6 you to plead guilty?
7       DEFENDANT GROSKY: No, your Honor.
8       DEFENDANT DOKICH: No, your Honor.
9       THE COURT: Okay. So far as you are concerned, has
10 anybody made any kind of promise or assurance to you of any
11 kind in an effort to try to induce you to plead guilty?
12       DEFENDANT DOKICH: No, your Honor.
13       THE COURT: Has anybody threatened either of you or
14 anybody else or tried in any way to force you to plead guilty?
15       DEFENDANT GROSKY: No, your Honor.
16       DEFENDANT DOKICH: No, your Honor.
17       THE COURT: Has anybody told you that if you didn't
18 plead guilty that other charges would be brought against you
19 or other adverse action would be taken by the government
20 against you?
21       DEFENDANT GROSKY: No, your Honor.
22       DEFENDANT DOKICH: No, your Honor.
23       THE COURT: Is it then fair to say that each of you
24 is proposing to plead guilty of your own free will because
25 you -- and I understand that that does not now involve all

1 charges as to either of you, the charges that we are talking
2 about -- that you are doing that of your own free will because
3 you believe that you are guilty?
4   DEFENDANT GROSKY: Yes, your Honor.
5   DEFENDANT DOKICH: Yes, your Honor.
6   THE COURT: Does each of you know the maximum
7 possible penalty that is provided by law for the charge or
8 charges involved? First, I will ask you, Mr. Grosky, because
9 what's involved in your case are Counts 1 and 2. So tell me
10 if you understand what the maximum possible penalty for those
11 two charges might be.
12   DEFENDANT GROSKY: Yes, your Honor. 40 years.
13   THE COURT: And the possibility of a fine as well,
14 which would be as to each of the two counts the greater of a
15 couple of figures. One would be $250,000 times two. Another
16 one would be twice the gross gains that others had sustained.
17   Do you understand that?
18   DEFENDANT GROSKY: I do.
19   THE COURT: Okay. And have you done any figuring
20 with your lawyers as to what you would be facing as to all of
21 these charges that are included here?
22   MR. RUECKERT: Judge, I think everything will go
23 under Count 1, so that's a maximum of 20. That's what he has
24 been advised.
25   THE COURT: Well, of course there is the potential,