IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 4155 |
| ) | (06 CR 359-1) |
| DAVID GROSKY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 4265 |
| ) | (06 CR 359-2) |
| CRAIG A. RAPPIN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Each of David Grosky ("Grosky") and Craig Rappin ("Rappin")--two of the three defendants who are serving substantial prison sentences following their guilty pleas to charges involving a truly massive financial fraud[1] that victimized investors who had purchased stock in Efoora, Inc. ("Efoora")[2]--have filed 28 U.S.C. §2255 ("Section 2255") motions.

---

[1] "Massive" is an apt description--Grosky's restitution obligation is just under $56 million, while Rappin is responsible for a portion of that amount--just under $40 million. To eliminate the prospect of double recovery, of course liability is joint and several.

[2] Grosky, a nonpracticing lawyer, had been Chief Executive Officer and Chairman of Efoora's Board of Directors, while Rappin had been Efoora's Chief Operating Officer and also a member of its Board.

Grosky's self-prepared Section 2255 motion seeks vacatur of his conviction and sentence, followed by a resentencing or withdrawal of his guilty plea, while nonlawyer Rappin's self-prepared motion challenges the validity of the indictment itself and requests the appointment of counsel to assist him. Each of them is suffering the criminal equivalent of buyer's remorse, blaming his lawyer for assertedly inadequate representation in violation of his constitutional rights.

Rappin's motion will be addressed first because it is so patently in error that only a brief explanation is needed to support its swift denial. All of Rappin's stated grievances stem from a mischaracterization of the Count One charge to which he pleaded guilty. Although that count expressly advanced the August 12, 2003 mailing of a check to Efoora by an investor purchasing stock as the predicate for a mail fraud charge, Rappin mysteriously converts that to a March 2004 event (at which time he was no longer working at Efoora, so that he contends the charge is invalid).

That mischaracterization torpedoes each of Rappin's claims of the constitutional inadequacy of his counsel, because each of his four separate grounds rests on that error. It is worth observing that Rappin's current effort provides a good illustration of the ironic aphorism that "no good deed goes unpunished," because the counsel about whom he now complains successfully negotiated on his behalf a Fed. R. Crim. P. ("Rule")

2

11(c)(1)(C) agreement that lowered the otherwise applicable Sentencing Guideline range of 234 to 240 months to a range of 94 to 126 months--and the 94-month sentence actually imposed on Rappin was at the bottom of that range, in substantial part because of his counsel's persuasiveness.

As for the more culpable Grosky, who is serving a 168-month sentence (the bottom of what this Court determined was the applicable Guideline range), he too faults his counsel in a number of respects. But because his claims are not based on the same patent misapprehension as Rappin's, this Court turns to analyzing those claims in terms of the familiar twofold yardstick established by the seminal decision in Strickland v. Washington, 466 U.S. 668 (1984), which imposes on the movant the need (1) to overcome the strong presumption of adequate assistance by counsel (id. at 690) and (2) to establish prejudice, in the sense that there is a reasonable possibility that but for counsel's unprofessional errors, the result of the proceeding would have been different (id. at 694). Here Grosky fails to meet each of those requirements, although either failure would be enough to doom his motion.

Unlike Rappin's Rule 11(c)(1)(C) plea agreement, Grosky's written plea agreement did not reflect an agreed-upon sentence or range of sentencing. But as this Court always does in the course of every plea colloquy, it inquired whether Grosky was "satisfied with the kind of representation, the kind of advice and

counseling" that he had received from his counsel, and Grosky answered "Yes, your Honor."  Then (again as always) this Court asked whether Grosky had had a full opportunity to discuss the charges in the case with his counsel, and again Grosky answered in the affirmative.  Next Grosky confirmed that he had read and discussed the plea agreement with his attorney before signing it.

Such sworn statements place a high hurdle in the path of a defendant who later seeks to change his tune by charging his counsel with constitutionally ineffective representation.  As our Court of Appeals put it a decade ago in United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999):

> Because many defendants seem to be under the misapprehension that a guilty plea is just provisional, and an oath to tell the truth means nothing, let us be clear....Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath.  Thus when the judge credits the defendant's statements in open court, the game is over.

Among the many cases expressing the same view, see, e.g., United States v. McFarland, 839 F.2d 1239, 1242 (7th Cir. 1988); Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999); United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004); and United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), all cited in the government's response to Grosky's motion.

This Court's review of Grosky's motion finds nothing to support his present claim of an inadequate pre-plea investigation

4

by counsel. Nor can he complain of his counsel's asserted failure to recommend a plea agreement pursuant to Rule 11(c)(1)(C) to a 144-month term, for the government never put such an offer on the table for acceptance. And as for Grosky's other complaints, the government's responsive memorandum answers them point by point, including lining up a substantial number of other cases from our Court of Appeals that have set the standards that Grosky fails to meet.

## Conclusion

In summary, both current submissions plus the government's responses now fit what Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts sets out as a potential consequence of the court's initial consideration:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Although this Court had ordered a response as permitted by Rule 5 of the same set of Rules, that has produced confirmation of the just-quoted directive. Accordingly, each Section 2255 motion is denied, thus as to Rappin mooting his motion for appointment of counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 18, 2009

5